IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| James Gibson, | C/A No. 6:25-cv-13954-JFA-MGB |
| Plaintiff, | |
| v. | |
| Matthew Moseley, | **ORDER** |
| Defendant. | |

James Gibson, ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, filed this civil action pursuant to 42 U.S.C. § 1983, alleging violation of his constitutional rights. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to the Magistrate Judge for initial review.

The Magistrate Judge conducted a review of the Complaint pursuant to the procedural provisions of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), including 28 U.S.C. § 1915 and 28 U.S.C. § 1915A, and prepared a thorough Report and Recommendation[1] ("Report"). (ECF No. 8). Within the Report, the Magistrate Judge opines that Plaintiff's excessive force claim should survive screening; however, the Report further recommends that Plaintiff's malicious prosecution claim should be summarily dismissed. *Id.* The Report avers that because the state charges against

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).

Plaintiff remain pending and therefore have not been favorably terminated, any malicious prosecution claim has yet to accrue. *Id.* at 6. The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

Plaintiff was advised of his right to object to the Report, which was entered on the docket on February 2, 2026. *Id.* The Magistrate Judge required Plaintiff to file objections by February 17, 2026. *Id.* Plaintiff failed to file any objections and the time for doing so has elapsed. Thus, this matter is ripe for review.

A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Here, Plaintiff has failed to raise any objections and therefore this Court is not required to give an explanation for adopting the recommendation. A review of the Report indicates the Magistrate Judge correctly concluded Plaintiff's malicious prosecution claim is subject to summary dismissal.

After carefully reviewing the applicable laws, the record in this case, and the Report, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, this Court adopts the

Magistrate Judge's Report and incorporates it herein by reference. (ECF No. 8). Consequently, Plaintiff's malicious prosecution claim is dismissed without prejudice and without further leave to amend. This case shall be referred to the Magistrate Judge for further proceedings as it relates to Plaintiff's remaining excessive force claim.

IT IS SO ORDERED.

March 5, 2026                                 Joseph F. Anderson, Jr.
Columbia, South Carolina              United States District Judge