IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| James Gibson,<br><br>Plaintiff,<br><br>v.<br><br>Matthew Moseley,<br><br>Defendant. | C/A No. 6:25-cv-13954-JFA-MGB<br><br>**ORDER** |

The Plaintiff, James Gibson, proceeding *pro se* and *in forma pauperis*, brought this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this case was referred to the Magistrate Judge for initial proceedings.

Defendant, Matthew Moseley, was served May 21, 2026. (ECF No. 36). Thereafter, on June 11, Defendant filed an Answer and a motion to dismiss. (ECF Nos. 31, 32). The Court sent a *Roseboro* Order on June 12, that informed Plaintiff that his response to Defendant's Motion to Dismiss was due by July 13. (ECF No. 33). Plaintiff did not respond. On July 17, Plaintiff was again ordered to respond to Defendant's Motion to Dismiss by August 3, 2026. (ECF No. 37). Yet again, Plaintiff did not respond.

Accordingly, the Magistrate Judge assigned to this action[1] prepared a thorough Report and Recommendation ("Report") and recommends that this Court dismiss this

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).

action for failure to prosecute. The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation. Plaintiff was advised of his right to object to the Report, which was entered on the docket on August 6, 2026. (ECF No. 39). The Magistrate Judge required Plaintiff to file objections by August 20, 2026. *Id.* Again, Plaintiff failed to file any objections or otherwise respond. Thus, this matter is ripe for review.

A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to the Report of the Magistrate Judge, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Here, Plaintiff has failed to raise any objections. After carefully reviewing the applicable laws, the record in this case, and the Report, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Therefore, the Report is incorporated herein by reference. (ECF No. 39).

Consequently, Plaintiff's claims are dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute.

IT IS SO ORDERED.

Joseph F. Anderson, Jr.

September 9, 2026
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge